IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DRAKE LAFAYETTE WILLIS, )
    Plaintiff, )
v. ) No. 3:17-CV-2607-G-BF
 )
GARY FITZSIMMONS, ET AL., )
    Defendants. )

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County District Clerk Gary Fitzsimmons, former Dallas County District Attorney Craig Watkins, Texas Department of Criminal Justice ("TDCJ") Coffield Unit mailroom employee Mrs. Dorsey, and the Unites States Postal Service ("Postal Service"). The Court has not issued process pending judicial screening.

Plaintiff states that on December 12, 2011, he delivered a state habeas petition to prison officials for mailing, but that Defendant Mrs. Dorsey failed to mail the petition to the Dallas County district clerk. He states that on December 13, 2011, his prison mailroom forwarded his state habeas petition to the Postal Service, but the Postal Service failed to send the petition to the Dallas County district clerk. He claims Defendant Gary Fitzsimmons lost a state habeas petition

that he mailed in December, 2011, and that Fitzsimmons failed to forward an April 4, 2013, habeas petition to the Dallas County District Attorney and the Court of Criminal Appeals. Finally, he claims he mailed his April 4, 2013, state habeas petition to Defendant Craig Watkins, but Watkins failed to forward the petition to the district clerk's office for processing.

Plaintiff seeks a hearing on his state habeas petitions, a copy of his mail unit prison logs, and $120,000 in damages. For the following reasons, the Court finds the complaint should be dismissed as barred by the statute of limitations.

## II. Screening

The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is thus subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Discussion

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff states Defendants' actions occurred in December 2011, and April 2013. He did not file this complaint until September 20, 2017. Although Plaintiff does not state when he learned of Defendants' alleged actions, he has not showed that with the exercise of reasonable diligence, he could not have learned of his claims at or near the time of Defendants' alleged actions. He has also not alleged facts that would support equitable tolling of the limitations period. Plaintiff's complaint is therefore barred by the statute of limitations.

## IV. Recommendation

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 8 day of December, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).